# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10944
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCELLO SHOFNER,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-39-2

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcello Shofner pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2, and the district court sentenced him to 180 months of imprisonment and imposed a three-year term of supervised release. Shofner challenges the application of the U.S.S.G. § 2B3.1(b)(4)(A) offense level enhancement for abduction and the U.S.S.G. § 3C1.2 offense level enhancement for reckless endangerment during flight.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10944

Because Shofner did not raise his arguments before the district court, they are reviewed for plain error on appeal. *See United States v. Benitez*, 809 F.3d 243, 249 (5th Cir. 2015). To show plain error, Shofner must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted). An error is generally not clear or obvious if it is subject to reasonable dispute. *Id.*

Shofner argues that the district court erred in applying the § 2B3.1(b)(4)(A) abduction enhancement because his codefendant, Cedric Burns, not Shofner, moved the credit union employees around the building to obtain money. He asserts that the presentence report contained no indication that it was reasonably foreseeable that Burns would abduct anyone during the robbery.

For robbery offenses, the Guidelines provide for a four-level enhancement "[i]f any person was abducted to facilitate commission of the offense or to facilitate escape." § 2B3.1(b)(4)(A). Although Shofner did not escort the employees around the back to obtain the money, it is unavailing for Shofner to argue that this movement of employees to a different location to facilitate commission of the robbery would not have been reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B). The district court did not plainly err in applying the § 2B3.1(b)(4)(A) enhancement. *See Puckett*, 556 U.S. at 135; *United States v. Smith*, 822 F.3d 755, 764 (5th Cir. 2016).

Shofner also argues that the district court erred in applying the § 3C1.2 reckless endangerment enhancement because the PSR failed to show how a

bank robbery constitutes aiding or abetting the subsequent high-speed police pursuit of the vehicle driven by Antranette Canady. He urges that there are no facts establishing his willful participation in or endorsement of the vehicle pursuit.

Pursuant to § 3C1.2, a two-level enhancement should be applied "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." § 3C1.2. Pursuant to § 3C1.2, "the defendant is accountable for the defendant's own conduct and for conduct that the defendant aided or abetted, counseled, commanded, induced, procured, or willfully caused." § 3C1.2, comment (n.5); *see also United States v. Iracheta-Garces*, No. 01-40198, 2001 WL 1485742, at *2 (5th Cir. Nov. 7, 2001) (unpublished).

Here, the presentence report indicates that Shofner and Burns had planned for Canady to drive them away from the credit union immediately after the robbery and then switch to the vehicle driven by Precious Alexander. A plan arranging for a getaway driver from a bank robbery involves procuring or willfully causing dangerous conduct in the subsequent high-speed police pursuit. *See* § 3C1.2, comment. (n.5). Therefore, because this factual determination of whether Shofner aided or abetted in the flight from law enforcement officials is at least subject to reasonable dispute, it cannot constitute clear or obvious error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.